IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ervin Richardson, | ) | CASE NO.:1:05-CV-601 |
| | ) | |
| Plaintiff, | ) | JUDGE CONNER |
| | ) | |
| v. | ) | |
| | ) | **STIPULATION AND ORDER OF** |
| Cole National Corporation T/A Things Remembered, | ) | **CONFIDENTIALITY** |
| | ) | |
| Defendants. | ) | |
| | ) | |

FILED
HARRISBURG
SEP 12 2005
MARY E. D'ANDREA
Per _____, CLERK
Deputy Clerk

Pursuant to the stipulation of the Parties, and it appearing to the Court that a protective order is necessary and proper:

WHEREAS, Plaintiff has requested documents and information during discovery relating to the personnel files of Defendant's current and former employees ("Confidential Information"), the public disclosure of which might be harmful or embarrassing to certain individuals.

IT IS ORDERED as follows:

1. Neither Plaintiff nor his counsel will utilize or disclose the Confidential Information, for any purpose other than gathering and presenting evidence in this case;

2. Confidential Information may be disclosed by counsel for any party only to parties, their counsel, counsel's staff, the Court and its officers, persons employed or hired (other than in the capacity of employee) by counsel, fact witnesses, expert witnesses, consultants (and the employees of each), deponents, court reporters employed in connection with this action, and employees of copying firms hired to make copies or images of any confidential information. The persons to whom

disclosure of confidential information is made shall be advised of the existence of this Order and must agree to be bound by its terms;

3. Any party may challenge the designation of "Confidential Information" by indicating in writing within thirty (30) days of the designation that the party challenges the designation. The designating party will then have seven (7) days to file a Motion for Protective Order with the Court to confirm the designation, or otherwise establish that the confidential information is protected. Until such time as the Court rules on any pending Motion for Protective Order related to a confidential information designation, the challenging party shall treat the information as confidential within the meaning of this agreed Stipulation and Order.

4. If during the course of any deposition upon oral examination, counsel for any party asserts that the testimony about to be elicited involves or requires the disclosure of "confidential information," or concerns testimony about a "confidential" document, all persons not permitted by this order to have access to restricted documents shall be excluded from the deposition until the testimony about the confidential information is concluded. Testimony so given shall constitute confidential information, as shall the portion of the transcript of the deposition concerning the confidential information. Upon request of the requesting attorney, when transcripts of any testimony are prepared, the reporter shall conspicuously mark each page on which confidential information appears with the legend, "Confidential Information Subject to Protective Order," and shall place the following legend on the cover of any transcript containing information, "This Transcript Contains Confidential Information Subject to A Protective Order of the Court – Restricted Pages To Be Filed Under Seal."

5. Failure to assert the protection of this Order with respect to any testimony when such

2

testimony is given shall not constitute a waiver of protection. Counsel may designate testimony confidential for the purposes of this order after the transcript of such testimony is transcribed by submitting written notice setting forth the pages of the transcript so designated within thirty (30) days after the deposition is transcribed. When transcripts of any testimony are prepared, the reporter shall conspicuously mark each page on which confidential information appears with the legend, "Confidential Information Subject to Protective Order," and shall place the following legend on the cover of any transcript containing information, "This Transcript Contains Confidential Information Subject to A Protective Order of the Court – Restricted Pages To Be Filed Under Seal."

5. No confidential information, including those portions of the deposition transcripts containing confidential information, shall be filed with the Court except under seal. All copies of documents so noted served upon opposing counsel shall be kept in confidence pursuant to the terms of this Order; and

6. At the conclusion of this case, and upon request and expense of the producing party, all documents relating to personnel files of Defendant's employees shall either be returned to the party who originally produced such information or else destroyed in such a way as to ensure the continuing confidentiality of the information.

The foregoing is without prejudice to the right of either party to apply to the Court for further discretion with respect to matters subject to this order.

APPROVED BY:

/s/Caryn M. Groedel
Caryn M. Groedel
Caryn Groedel & Associates
5910 Landerbrook Dr.

/s/James P. Smith
ROBERT M. WOLFF (OH 0006845)
JAMES P. SMITH (0063966)
Duvin, Cahn, & Hutton

3

| | |
|---|---|
| Suite 200<br>Cleveland, OH 44124<br>(440) 544-1122<br>(440) 446-1240<br>cgroedel@groedel-law.com | Erie View Tower, 20th Floor<br>1301 East Ninth Street<br>Cleveland, Ohio 44114<br>(216) 696-7600<br>(216) 696-2038<br><br>rwolff@duvin.com<br>jsmith@duvin.com |
| Lawrence Markowicz (PA 41072)<br>1630 Radow Rd.<br>York, PA 17403<br>(717) 848-3282<br>(717) 848-5582<br>larrym359@aol.com<br><br>Attorneys for Plaintiff | Robert J. Tribeck (PA 74486)<br>RHOADS & SINON LLP<br>One South Market Square, 12th Floor<br>Harrisburg, PA 17108-1146<br><br>Attorneys for Defendant |

IT IS SO ORDERED.

DATE: 9/12/05

_____
JUDGE CONNER

272923

4